**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Thomas W. EASTMAN and Thelma M. Eastman, husband and wife: Jackson County, a municipal corporation and political subdivision of the State of Oregon; and 225.34 Acres of Land, More or Less, Situated in Jackson County, State of Oregon, Defendants-Appellees.**

No. 82–3450.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1983.

Decided Aug. 22, 1983.

William A. Mansfield, Medford, Or., for defendants-appellees.

Jacques B. Gelin, Robert L. Klarquist, Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Before PECK,\* FLETCHER and PRE-GERSON, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the district court, 528 F.Supp. 1184, awarding Thomas and Thelma Eastman (Eastmans) $161,125 in compensation for real property condemned in a dam construction project. The government asserts that the district court erred in including in the condemnation award $16,000 attributable to the increase in the value of the land from the date of initiation of the project to date of condemnation by reason of the proximity of the property to the dam project. We have jurisdiction under 28 U.S.C. § 1291 (1976).

We are satisfied that the district court did not err. We cannot improve on the district court's carefully reasoned opinion, reported at 528 F.Supp. 1177 (D.Or.1981). We adopt its opinion as the opinion of this court. *See, e.g., Phillips v. Pitchess,* 451 F.2d 913, 914 (9th Cir.1971).

In short, we hold that the question of whether a second taking is within the scope of the original project for purposes of applying the rule of *United States v. Miller,* 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943), is to be answered essentially by determining the reasonable expectations of the ordinary landowner. The district court's conclusion that the Eastmans could not reasonably have expected the second taking to be within the scope of the original project was not clearly erroneous.

The judgment is AFFIRMED.